**H. Gerald REYNOLDS, Plaintiff,**

v.

**MacDonald GALLION ex rel. ATTOR-
NEY GENERAL OF ALABAMA,
et al., Defendants,**

**Tallapoosa County Hospital Board,
Intervenor.**

**Civ. A. No. 756–E.**

United States District Court
M. D. Alabama, E. D.

Dec. 31, 1969.

H. Gerald Reynolds, Alexander City, Ala., for plaintiff.

Gordon Madison, Asst. Atty. Gen., Montgomery, Ala., Charles R. Adairs, Jr., Dadeville, Ala., Wilbanks, Wilbanks & Dillon, Alexander City, Ala., for defendants.

PITTMAN, District Judge.

### ORDER

This action was commenced by H. Gerald Reynolds, a resident citizen of Tallapoosa County, Alabama, a taxpayer and duly qualified and registered voter in Commissioner's District 1, Tallapoosa County, Alabama, against MacDonald Gallion, Attorney General of Alabama, and others, seeking to have the one-man, one-vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), applied to the election of the members of the Court of County Commissioners of Tallapoosa County, Alabama. The plaintiff seeks to have Act #43 of the Second Special Session of the Alabama Legislature 1963 (Acts of Alabama, 1963, Vol. 1, page 211) be declared unconstitutional and that the Commissioners of Tallapoosa County be elected on an at-large basis until the Alabama Legislature can reapportion the Commissioner's Districts on a substantially equal basis in population, or the court re-district the county on an apportioned basis.

The defendants sought to have this court stay its action until the Legislature of the State of Alabama be first given an opportunity to correct any constitutional infirmity which may exist in the present structure.

While holding that a cause of action had been stated by plaintiff, this court, by order of September 26, 1968, stayed any further action in this cause until the 1969 regular session of the Alabama Legislature be given an opportunity to adopt a scheme of apportionment that would comport with the Equal Protection Clause of the Fourteenth Amendment and Reynolds v. Sims, supra.

By motion dated September 8, 1969, plaintiff moved the court to set a trial date for this matter. In support of the motion, plaintiff pointed out that the 1969 regular session of the Alabama Legislature had been concluded and the legislature had not taken any action with regard to the Court of County Commissioners of Tallapoosa County.

Therefore, this case was set down for trial on November 12, 1969. On November 14, 1969, this cause was heard, evidence was given by both sides, and the court took the matter under submission.

## FINDINGS OF FACT

Tallapoosa County is located in east-central Alabama. Dadeville is the county seat and Alexander City is the largest city. Tallapoosa County is a predominantly rural county. Act #43, supra, divided the county into five commissioner's districts, each comprised of the following number of registered voters, to wit:

District #1 ................7,308
District #2 ................1,716
District #3 ................2,446
District #4 ................1,658
District #5 ................3,056

The total of the five districts is 16,-184 registered voters.

While many of the Commissioners' functions are rural oriented, i.e., roads, bridges, etc., it has general governmental powers over all of the residents of the county, and provides government services from revenue received from residents who live within towns and cities as well as from those who live outside of towns and cities.

On the other hand, the jurisdiction of the municipal governments such as Alexander City and Dadeville are restricted to their corporate limits.

On the hearing of this cause, plaintiff submitted a proposed re-districting plan that would result in a continuation of the "single member district" approach. The plaintiff admitted, responding to a question by the court, that should his plan be adopted, at least two and possibly three of the five districts would have a majority of city voters from one city, Alexander City. This would place a rural oriented governing body in the position of possibly being dominated by urban residents.

The defendants have urged the court to adopt a plan using as its basis the malapportioned districts, requiring the candidates for a place to reside in that place's respective malapportioned district, and be elected for that malapportioned district, all as presently set out in Act #43, but under the new plan require all Commissioners to be elected by the county at large.

The Tallapoosa County Hospital Board has intervened for the purpose of presenting to this court its interest in the tax sources of the intervenor hospital bonds dated September 1, 1962, which were issued in an aggregate principal amount of $340,000 and payable solely from the annual proceeds of a special five mill hospital tax on all taxable property in Districts 3 and 4 of Tallapoosa County pursuant to the Amendment to the Constitution of Alabama proposed by Act #562 enacted by the 1961 Regular Session of the Legislature of Alabama. This amendment provided that Districts 3 and 4 in Act #562 are Districts 3 and 4 provided in Act #241, Local Laws of Alabama approved September 7, 1923 (Local Acts of 1923, pages 144, 145).

Act #43, approved April 16, 1963, the Act sub judice, placed one beat of District 3 of the 1923 Act in Beat 4 of the 1963 Act, and one beat of District 4 in the 1923 Act in Beat 3 of the 1963 Act, or the two districts as an aggregate were comprised of the same area.

The concern of the intervenor is that the order of this court should be so drafted as to prevent or minimize confusion and uncertainty with respect to the liability of the special five mill tax as to the property included and the property not included.

## CONCLUSIONS OF LAW

The thrust of Act #43, approved April 16, 1963, is to establish five Commissioner Districts in Tallapoosa County, Alabama, and to provide the voters of each district to elect one commissioner for each district who shall reside in the district from which elected.

■ The districts as set up are grossly malapportioned, ranging from 1,658 voters in District 4 to 7,308 in District 1. This court finds that this Act fails to satisfy the requirements of the equal protection clause of the Constitution and is unconstitutional and therefore null and void. The Supreme Court of the United States, in a case involving a County Commissioners Court held that it was a unit of local government and must comply with the one-man, one-vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S. Ct. 1362, 12 L.Ed.2d 506 (1964).

"* * * We hold * * * a resident of Midland County, has a right to a vote for the Commissioners Court of substantial equal weight of the vote of every other resident. * * * "We * * * see little difference, in terms of the application of the Equal Protection Clause and of the principles of Reynolds v. Sims, between the exercise of State powers through legislatures and its exercise by elected officials in the cities, towns, and counties. * * *" Avery v. Midland County, Tex., 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45, 48, 51.

Act #43, the Act sub judice, fails to provide for voters of substantially equal weight as that term has been defined by the Supreme Court. See Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 (1969); Wells v. Rockefeller, 394 U.S. 542, 89 S.Ct. 1234, 22 L.Ed. 2d 535 (1969); Wesberry v. Sanders, 376 U.S. 1, 7–8, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964).

The court has been urged by the plaintiff to re-district the county by creating new districts and using registered voters as a basis for the apportionment of the newly created districts.

The defendants have urged the court to adopt a plan using as a basis Act #43 with the malapportioned districts but electing the Commissioners from the county at large.

■ Use of registered voter figures as an index for districts in lieu of population figures is constitutionally permissable. Burns v. Richardson, 384 U.S. 73, 86 S.Ct. 1286, 16 L.Ed.2d 376.

■ The court declines to attempt any re-districting. Courts should be sensitive to economic, social and political factors which are vital to fair and representative districting. This court believes that re-districting should be done by a court only when it is mandatory to bring the election of office holders, in this case a County Commission, into conformity with constitutional requirement and when the constitutional requirements cannot otherwise be met. It has been observed:

"* * * The deliniation of political districts involves consideration of factors beyond the mere mathematical application of equal population standards—factors thought to be appropriate for decision by non-judicial bodies. * * *

"[R]eapportionment requires the consideration of 'political' factors which should not be entrusted to the judiciary. * * *" Martin, County Reapportionment in Virginia, 55 Va.L.Rev., pp. 1177, 1179 (1969).

The constitutional requirements herein set out can be met by requiring county residence with county at large elections of all commissioners.

This court does not intend, and so holds, that anything in this finding, order, and decree is to affect the intervenor Tallapoosa County Hospital Board's bonds dated September 1, 1962, payable from proceeds on taxable property in Alabama Districts 3 and 4 of Tallapoosa County pursuant to the amendment to the Constitution of Alabama proposed by Act #562 enacted by the 1961 Regular Session of the Legislature of Alabama.

In accordance with the foregoing, it is the order, judgment, and decree of this court that Act #43, Second Special Session 1963, Alabama Legislature, Vol. 1, Acts of Alabama, 1963, p. 211, creating Districts 1, 2, 3, 4, and 5, in its entirety, be, and the same is, hereby declared void and unconstitutional.

It is the further order, judgment, and decree of this court that the defendants, their successors in office or those acting in their behalf or in concert with them, be and each is hereby enjoined from conducting, or permitting to be conducted, any election pursuant to Act #43 of the Second Special Session of the Alabama Legislature of 1963 (Acts of Alabama, 1963, Vol. 1, p. 211).

It is the further order, judgment, and decree of this court that the defendants, their successors in office and those acting in their behalf or in concert with them, be and each is hereby enjoined from failing to conduct, or cause to be conducted, not later than November 1970, an election for the county at large for all five County Commissioners heretofore elected from each District for Tallapoosa County. The nominees shall not be required to be residents of any particular district or section of Tallapoosa County, provided, however, that nothing herein shall prevent the Legislature from providing for a plan of apportionment which meets constitutional requirements. Such a plan may be substituted for county at large elections as herein provided upon approval by this court.

It is the further order, judgment, and decree of this court that any finding, order, and decree herein is not to affect the intervenors, the Tallapoosa County Hospital Board's bonds dated September 1, 1962, issued in the aggregate principal amount of $340,000 and payable solely from the annual proceeds of the special five mill hospital tax on all taxable property in District 3 and 4 of Tallapoosa County pursuant to the Amendment to the Constitution proposed by Act #562 enacted by the 1961 Regular Session of the Legislature of Alabama.

It is the further order, judgment, and decree of this court that jurisdiction of this cause be, and the same is, hereby retained until a constitutionally acceptable apportionment is enacted by the Legislature of Alabama and approved by this court.

The costs in this case are hereby taxed against the defendants.